IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBEL GEBRAI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-751-NJR-DGW |
| | ) | |
| VIPIN SHAH, CHRISTINE BROWN, | ) | |
| ANGELIA BRUNS, ANGEL RECTOR, | ) | |
| and UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendants Angel Rector, Angelia Bruns, and Dr. Vipin Shah's Motion to Dismiss (Doc. 32). For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff Robel Gebrai, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Gebrai's complaint alleges that Defendants were deliberately indifferent to his serious eye condition.

Soon after his complaint was filed, Gebrai filed a Notice of Change of Address advising the Court that he would be paroled on September 16, 2016, and his address should be updated to 2N252 Amy Avenue, Glen Ellyn, Illinois 60137 (Doc. 12). Gebrai's

address was timely updated in the Court's docketing system. The Court has not received any filings from Gebrai subsequent to his Notice of Change of Address.

On December 22, 2016, Defendants Bruns, Rector, and Shah filed a motion to compel indicating Gebrai failed to respond to their written discovery served on October 18, 2016, related to the question of exhaustion (*see* Doc. 22). Defendants asked the Court for an order compelling Gebrai to provide responses. Defendants' motion was granted, and the Court ordered Gebrai to provide responses to Defendants' written discovery originally served on October 18, 2016—by February 22, 2017. The Court warned Gebrai that "his failure to comply with this Order and provide said responses may result in the imposition of sanctions, including dismissal of his claims against Defendants" (Doc. 28).

Defendants Bruns, Rector, and Shah filed a motion for summary judgment on the issue of exhaustion on February 13, 2017 (Doc. 29). Plaintiff failed to file a response and, in light of this failure, the Court cancelled the hearing set pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (Doc. 33). On March 16, 2017, Defendants Bruns, Rector, and Shah filed the motion to dismiss now before the Court. Gebrai has not filed a response to the motion, despite being provided ample time and opportunity to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857

(7th Cir. 1998) (other citations omitted)). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of district courts, courts are strongly encouraged to provide an explicit warning before a case is dismissed, especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

### DISCUSSION

Based on a review of the record and upon consideration of the applicable law, the Court dismisses this action for failure to prosecute. First, Gebrai has exhibited disregard for court orders. In particular, Gebrai was ordered to respond to Defendants' written discovery on the issue of exhaustion by February 22, 2017. Defendants assert, and Gebrai has not contradicted their assertion, that Gebrai wholly failed to respond to their discovery requests in contravention of the Court's order. The Court also notes that Gebrai has failed to respond to Defendants' motion for summary judgment and motion to dismiss. Further, Gebrai failed to pay his initial partial filing fee of $39.95 by the deadline of February 3, 2017. Gebrai was warned that his failure to do so may result in dismissal of this action (*see* Doc. 23, p. 1).

The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct that has needlessly prolonged this litigation. While the Court acknowledges Gebrai has been paroled since September 2016, such circumstance does not excuse his failure to litigate this matter and respond to Court orders. Significantly, there is no indication that any of the Court's mailings have been returned as undeliverable (and such circumstance would not necessarily relieve Gebrai of his duties in litigating this matter).

While there are lesser sanctions available, the Court finds they would be unavailing as Gebrai has clearly lost interest in litigating this matter (he has not filed anything since September 12, 2016). Moreover, the Court finds Defendants would be prejudiced if this matter were allowed to languish on the Court's docket any longer. For these reasons, and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds Gebrai has clearly delayed this matter and engaged in contumacious conduct warranting dismissal pursuant to Rule 41(b).

## Conclusion

Defendant Angel Rector, Angelia Bruns, and Dr. Vipin Shah's Motion to Dismiss (Doc. 32) is **GRANTED**, and this action is **DISMISSED with prejudice**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: June 14, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**